IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT KRAMER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CITY OF PITTSBURGH, WILLIAM )<br>PEDUTO, as an individual, SCOTT )<br>S[C]HUBERT, as an individual, EDWARD )<br>GREEN, as an individual, SHIRLEY )<br>EPPERSON, as an individual, and JOHN )<br>and/or JANE DOE(S), as an individual, )<br>)<br>Defendants. ) | Civil Action No. 19-539<br><br>Judge Cathy Bissoon |

## MEMORANDUM ORDER

Defendants City of Pittsburgh, Peduto, Schubert, Green, and Epperson's Motion to Dismiss Plaintiff's Complaint Pursuant to FRCP 12(b)(6) ("Def. MTD," Doc. 26) is granted in part and denied as moot in part.

Plaintiff originally filed a Complaint (Doc. 1) alleging six counts of various constitutional and common law rights violations against the named Defendants, stemming from Plaintiff's arrest and subsequent employment consequences resulting from that arrest. After initial briefing, the case was stayed so that Defendant could amend his complaint after receiving his Right to Sue from the Equal Employment Opportunity Commission and the Pennsylvania Human Relations Commission. Doc. 20. Plaintiff subsequently filed an Amended Complaint ("AC," Doc. 25), adding two counts: discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.* (as amended) ("Title VII") and discrimination under the Pennsylvania Human Relations Act, 43 Pa. C.S.A. Section 955(a) ("PHRA").

Defendants City of Pittsburgh, William Peduto, Scott Schubert (named in the Complaint as "Shubert"), Edward Green and Shirley Epperson filed the instant Motion to Dismiss all counts against them for reasons that the Court shall explore in detail below, along with a Brief In Support of Motion to Dismiss Plaintiff's Complaint Pursuant to Rule 12(b)(6) ("Def. Brief ISO," Doc. 27). Plaintiff filed a Brief in Opposition to Defendants' Motion to Dismiss Plaintiff's Amended Complaint ("Pl. Opp.," Doc.30), to which Defendants filed a Reply Brief in Support of Motion to [Dismiss]. ("Def. Reply," Doc. 34).

I. **MEMORANDUM**

As the Court writes for the parties, it assumes familiarity with all facts relevant to the allegations and will only specify them as necessary as it analyzes each of the claims against the relevant Defendants below. The Court finds that some of Plaintiff's claims are futile under the law, whereas others may be curable by amendment, and shall give Plaintiff leave to amend certain of those claims consistent with the Order *infra*.

**A. Count I – Reckless investigation in violation of 42 U.S.C. §1983 and the Fourteenth Amendment (against Defendants Green, Epperson and Doe(s), "Count I Defendants," and Defendant Schubert[1] ).**

Plaintiff argues that he had the "right to be free from the direct results of a reckless investigation, as conducted by the named Defendants" pursuant to 42 U.S.C. §1983 and the Fourteenth Amendment, and that the Count I Defendants violated his rights by ignoring exculpatory evidence and recklessly investigating or failing to investigate allegations against Plaintiff. AC ¶¶74-77. Defendants argue that a reckless investigation claim is not cognizable under the Fourteenth Amendment and should be withdrawn as to all Count I Defendants, citing a footnote in the Court of Appeals for the Third Circuit's opinion in Johnson v. Logan, where they

---

[1] In his Opposition, Plaintiff withdraws this claim as to Defendant Schubert. Pl. Opp. at 2.

"note, without deciding, that [the Third Circuit has] significant doubts about whether there is an independent substantive due process right to be free from reckless investigation." 721 Fed. App'x 205, 207-8 (3d. Cir. 2018).

While the Court agrees with Plaintiff that the footnote in Johnson is dicta, the Third Circuit explicitly held in a recent case that it "[has] never recognized an independent due process right to be free from a reckless investigation" and that "even if such a claim were cognizable, it could only arise under the Fourth Amendment." Harvard v. Cesnalis, 2020 WL 5200679, at *11 (3d. Cir. Sept. 1, 2020) (affirming a summary judgment for defendants as to a reckless investigation claim).

Because no cause of action exists, the Court declines to conduct any additional analysis as to this claim, except to note that amendment of the claim would be futile. As the Third Circuit explained in Harvard: "Even if Harvard had brought the reckless investigation claim under the Fourth Amendment, the officers would nevertheless be entitled to qualified immunity because this right was not clearly established at the time of the investigation," Id. Defendants' motion to dismiss Count I as to all Count I Defendants is granted. Defendants' motion to dismiss Count I as to Defendant Schubert is denied as moot, given Plaintiff's withdrawal of this claim.

**B. Count II – Fabrication of evidence in violation of 42 U.S.C. §1983 and the Fourteenth Amendment (against Defendant Green).**

Plaintiff argues that Defendant Green "provided false and misleading testimony under oath and fabricated evidence to justify Plaintiff's prosecution and/or secure Plaintiff's conviction at trial." AC ¶82. The fabricated evidence in question was Defendant Green's testimony that he saw "Plaintiff retrieve his silver revolver from the ductwork of his garage." Id. at ¶63. Defendant argues that Defendant Green's testimony at trial cannot sustain a claim for fabrication of evidence because what Defendant Green did at trial could not have affected whether Plaintiff was criminally charged, citing Black v. Montgomery Cnty. 835 F.3d 358, 371 (3d Cir. 2016) as amended (Sept.

16, 2016).  While Plaintiff is correct that his argument is premised on whether Defendant Green's alleged false testimony could have impacted Plaintiff's rights at <u>trial</u>, not whether he was criminally charged, he is incorrect that this is a cause of action under <u>Black</u>.  AC ¶82.

<u>Black</u> explicitly holds "that an acquitted criminal defendant may have a stand-alone fabricated evidence claim against state actors under the due process clause of the Fourteenth Amendment if there is a reasonable likelihood that, absent that fabricated evidence, the defendant would not have been <u>criminally charged</u>."  835 F.3d at 371 (emphasis added).   Because the only allegations of fabricated evidence involve trial testimony, Defendants are correct in their analysis that this could not have affected whether Plaintiff had been criminally charged in the first place, and that even under <u>Black</u>, Plaintiff has failed to plead an injury of fabricated evidence in violation of §1983 and the Fourteenth Amendment.[2]  Thus, this count against Defendant Green must be dismissed with prejudice.

**C. Count III – Equal protection/race discrimination in violation of 42 U.S.C. § 1983 and the Fourteenth Amendment (against Defendants City of Pittsburgh, Schubert, and/or Doe(s), "Count III Defendants").**

According to Plaintiff, Defendant Green, a Black man, was not terminated for "the same or substantially similar conduct to that which the Plaintiff was accused."  AC ¶87.  Defendants appear to interpret Plaintiff's claims as two-fold: an equal protection claim and a race discrimination claim, and as to the first point, argue that Plaintiff cannot bring a "class of one" equal protection claim against his employer, the City of Pittsburgh.  Def. Brief ISO at 7.  The Court agrees with Defendants that equal protection cannot be applied to one employee claiming that he

---

[2] Indeed, the district court on remand in <u>Black</u> made this exact analysis.  It found that allegations of "incorrect testimony [that] occurred after the filing of charges…cannot show a reasonable likelihood that absent this testimony, [Plaintiff] would not have been criminally charged. Therefore, this testimony does not support [his] procedural due process claim."  <u>Black v. Montgomery County</u>, 2018 WL 11027238, at *20 (E.D. Pa. Aug. 15, 2018).

was treated differently because "recognition of a class-of-one theory of equal protection in the public employment context—that is, a claim that the State treated an employee differently from others for a bad reason, or for no reason at all—is simply contrary to the concept of at-will employment." Engquist v. Oregon Dep't of Agr., 553 U.S. 591, 606 (2008) (internal citations omitted).

Of course, that does not mean that state employers can "take personnel actions that would independently violate the Constitution," (id.) but that is a separate analysis of race discrimination. Plaintiff's response conflates the two claims, as he argues that the Equal Protection Clause "may be applicable to discrimination in public employment" but cites cases addressing "discrimination claims." Pl. Opp. at 6. Regardless, the Court finds that Plaintiff cannot bring an equal protection claim of "one" against his employer, the City of Pittsburgh.

As to Plaintiff's allegations of race discrimination, Caucasian, the Court finds that Plaintiff has failed to establish a prima facie case of race discrimination by Defendant Schubert and has failed to demonstrate a pattern or practice that would hold Defendant City of Pittsburgh liable even if he could show race discrimination by Defendant Schubert.

Plaintiff argues that Defendant Schubert suspended and terminated Plaintiff based on his race, and that is enough to sustain a claim of a violation under the Fourteenth Amendment by the City. The Court disagrees. From the Complaint, it appears that Defendant Schubert recommended suspension pending termination after Defendant was both criminally charged and charged with violating various Bureau of Police Rules and Regulations. AC ¶¶50, 52, 54. As Defendants correctly point out, this was Defendant Schubert's sole involvement with Plaintiff's case. Def. Brief ISO at 15. Plaintiff has alleged no facts that Defendant Schubert's decision was racially motivated—simply invoking Defendant Green's name is insufficient because unlike Plaintiff,

Defendant Green was not charged with a crime—only with violating Bureau of Police Rules and Regulations.

Plaintiff has failed to plead facts to support the notion of an injury, let alone an existing policy or custom that would inflict such an injury, thus he has failed to state a claim against Defendant City of Pittsburgh. See Mulholland v. Gov. Cnty. of Berks, 706 F.3d 227, 238 n. 15 (3d. Cir. 2013) ("It is well-settled that, if there is no violation in the first place, there can be no derivative municipal claim."). Plaintiff's allegations against all Count III Defendants must be dismissed. However, Plaintiff shall be afforded one last opportunity to amend as to his race discrimination claim only, against the Count III Defendants, consistent with the Order *infra*.

### D. Count IV – Title VII Race Discrimination (against Defendant City of Pittsburgh).

As Plaintiff is not a member of a protected class, he must "present sufficient evidence to allow a fact finder to conclude that the employer is treating some people less favorably than others based upon a trait that is protected under Title VII." Iadimarco v. Runyon, 190 F.3d 151, 161 (3d Cir. 1999). He has not. Defendant Green is simply not an adequate comparator because, while violating internal city policies due to his false testimony, he was not charged with a crime. Def. Brief ISO at 10. Plaintiff does not provide any facts supporting his conclusion that he was treated differently by Defendant City of Pittsburgh based on his race, as opposed being treated differently because he was charged with a crime. Thus, this claim must also be dismissed, though Plaintiff is permitted one last opportunity to amend this claim and the one at Count V, consistent with the Order *infra*.

### E. Count V – PHRA Violations (against Defendant City of Pittsburgh).

Plaintiff also alleges that Defendant City of Pittsburgh discriminated against him based on his race in violation of the PHRA. AC ¶99. As the law in the Third Circuit notes that "claims

under the PHRA are interpreted coextensively with Title VII claims," this Count fails for the same reason, and Plaintiff shall be given leave to amend the same, as discussed *supra* in Section D.

### F. Count VI – False light statements in violation of Plaintiff's Pennsylvania common law rights (against Defendant Peduto).

A few months after the trial related to Plaintiff's arrest, Plaintiff participated in a grievance process before a neutral arbitrator, who ordered that Plaintiff be reinstated as a patrolman with full back pay and benefits. AC ¶68. Soon after, Defendant Peduto was interviewed about Plaintiff and made a statement on behalf of Defendant City of Pittsburgh, "There are some very serious questions about whether or not [Plaintiff] would be able to testify, if he's back on the streets and a crime were to be committed, given the fact of his testimony in this case." Id. at ¶69. Plaintiff argues that this statement was "untrue, misleading, highly inflammatory, inappropriate and deliberately painted Plaintiff in a poor and false light to members of his community and otherwise defamed Plaintiff's character." Id. at ¶105.

In response, Defendant Peduto argues that this statement was made by the Mayor in his official capacity, and thus he is entitled to absolute immunity. Def. Brief ISO at 12-13. Pennsylvania courts have determined that "high public officials," such as the mayor of a city, are entitled to absolute immunity for statements "made or [actions] taken in the course of the official's duties or powers and within the scope of his authority[]…or jurisdiction." Lindner v. Mollan, 677 A.2d 1194, 1195 (Pa. 1996) (internal citations omitted). Such immunity is "unlimited" and "exempts a high public official from all civil suits for damages arising out of false defamatory statements," applying even to those "motivated by malice" as long as they were made within the scope of the official's authority. Id. (internal citations omitted).

In response, Plaintiff cites to McKibben v. Schmotzer, 700 A.2d 484 (Pa. Super. 1987). McKibben, however, is easily distinguishable because the mayor's statement in that case clearly

was made in her capacity as a private citizen insofar as it expressed dissatisfaction in the outcome of her personal proceeding against the police chief. 700 A.2d at 492. See also, Lindner, 677 A.2d at 1195 (finding absolute immunity where the mayor called a councilman the "village idiot" in front of news media). Here, there is no evidence or allegation that Defendant Peduto's comment to the media was made in his personal capacity. Indeed, Plaintiff's own Complaint avers that Defendant made this statement "on behalf of Defendant City." AC ¶69. The underlying circumstances that existed in McKibben do not exist here. Given that Plaintiff has alleged that the Mayor was speaking on behalf of the City, there are no circumstances under which these remarks could be construed to have been made by Mayor Peduto in his personal capacity. Thus, Defendant Peduto is entitled to absolute immunity as to this remark and Count VI is dismissed with prejudice.

**G. Count VII – Slander in violation of Plaintiff's Pennsylvania common law rights (against Defendant Peduto).**

Plaintiff argues that the statement discussed *supra* in Section F also constituted slander as Defendant Peduto "knew, or should have known, that his statement was false." AC ¶109. For the same reason as the Court found as to Count VI, Count VII shall be dismissed with prejudice against Defendant Peduto based on absolute immunity.

**H. Count VIII – Malicious prosecution in violation of Plaintiff's Pennsylvania common law rights (against Defendants Green, Epperson, Schubert, and Doe(s), "Count VIII Defendants").**

As Plaintiff withdraws this claim against all Count VIII Defendants in his Brief in Opposition, the Court denies Defendants' Motion to Dismiss as to this Count as moot. Pl. Opp. at 1-2.

**II.     ORDER**

Consistent with the foregoing, Defendants' Motion to Dismiss (**Doc. 26**) is **GRANTED** in part and **DENIED AS MOOT** as to Count VIII. Counts I, II, VI and VII are **DISMISSED WITH**

**PREJUDICE** as to all Defendants. Given that the deficiencies in Counts III, IV and V above conceivably may be cured by amendment, however, Plaintiff hereby is granted leave to file an amended complaint on or before **October 9, 2020**. Should Plaintiff choose to amend, he must be prepared to make a last, best efforts to state viable claims, because additional leave will not be granted. Finally, if amendment is not timely-filed, Plaintiff will be deemed to stand on his current pleadings, and final judgment will be entered.

IT IS SO ORDERED.

September 29, 2020                                s\Cathy Bissoon
                                                  Cathy Bissoon
                                                  United States District Judge

cc (via ECF email notification):

All Counsel of Record